# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

Dunjane Lewis Chaney
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-30454

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**FILED JUL 30 2013**
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☐ a preponderance of the evidence that

_____

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

7/30/2013
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

## 13-30454 USA V DURYANE LEWIS CHANEY

This is a presumption case.

Defendant is charged by way of criminal complaint with Felon in Possession of a Firearm, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Possession with Intent to Distribute Controlled Substances.

Defendant is 52 years old, single, and a life long resident of this district along with his mother, five sisters, and four daughters .

Defendant is currently serving a 60 month term of federal supervised release following a 2004 conviction of Possession with Intent to Distribute and Distribution of Cocaine in the Eastern District of Michigan. Defendant was sentenced to 120 months custody and was incarcerated from 2003 - 2012. His term of supervised release began on 5/11/12 and is scheduled to expire on 5/10/17. His supervising officer was contacted and indicated that Defendant will be violated.

Defendant has been working as a contractor with Peerless Property in Southfield, Michigan since shortly after his release from prison in 2012. Defendant's only asset is a $200 savings account. Defendant has retained counsel.

Defendant denied the use of illegal substances, and his supervising officer reported that all of his drug tests have been negative. Defendant submitted to a pre-bail drug test and the results were positive for cocaine.

Defendant has been known to use several aliases in the past. Five known aliases are listed on the Pretrial Services report.

Defendant has multiple convictions for Controlled Substances, Felony Habitual Offender, Second Offense, Felony Weapons, Felony Firearms, Felony Assault, Possession of Felony Controlled Substances (Cocaine, Heroin), Domestic Violence, Possession with Intent to Distribute and Distribution of Cocaine. Defendant's criminal history spans more than 35 years of continuing contacts with the criminal justice system and is set forth in detail in the Pretrial Services Report.

The allegations in the instant case charge offenses almost identical to the charges for which Defendant was most recently convicted. The current charges involve allegations of firearms in Defendant's possession, along with the possession of controlled substances. Defendant made a statement that he owes $7000 to his narcotics supplier. Defendant is currently under federal supervision and release. The record contains clear and convincing evidence that Defendant continues to use illegal drugs and continues to be danger to society.

The presumption of detention has not been rebutted. There is no condition or combination of conditions that would reasonable assure the safety of the community. Therefore Detention is Ordered.