UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

                                               Case No. 13-20582

v.

                                               Hon. Sean F. Cox

Duryane Chaney,

    Defendant.

_____/

## OPINION & ORDER DENYING PETITIONER'S § 2255 MOTION TO VACATE SENTENCE AND RULING AS TO CERTIFICATE OF APPEALABILITY

In Criminal Case Number 13-20582, Petitioner Duryane Chaney ("Petitioner") pleaded guilty, pursuant to a Rule 11 Plea Agreement, to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g), 924(e), and to one count of Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). (Doc. # 16, Rule 11 Plea Agreement). Petitioner was sentenced as an armed career criminal to serve 188 months and 120 months, to run concurrently.

This matter is now before the Court on Petitioner's "Motion to Vacate Sentence Pursuant to 28 USC 2255." (Doc. # 47, Pet. Mo.). Petitioner's request for relief is based upon the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. The Government has filed a response opposing Petitioner's motion. (Doc. # 51, Gov't Resp.). Petitioner has filed a reply. (Doc. # 52, Pet. Reply). Petitioner has also filed two supplemental briefs, (Docs. # 53, 54), containing district court cases that Petitioner argues support his position.

After the parties fully briefed this matter, the Sixth Circuit issued *United States v. Matthews*, 2017 WL 1857265 (6th Cir. May 8, 2017), holding that Michigan's unarmed robbery statute constitutes a predicate violent felony for purposes of the ACCA. The parties were permitted to file supplemental briefs addressing the *Matthews* decision. Petitioner filed his supplemental brief on June 27, 2017.[1] (Doc. # 57). The Government chose not to file a supplemental brief.

Because the files and records of the case conclusively establish that Petitioner is not entitled to relief as to any of the claims set forth in this § 2255 motion, an evidentiary hearing is not necessary and the decision is therefore ready for a decision by this Court.

For the reasons that follow, the Court shall **DENY** Petitioner's motion. The Court will issue a certificate of appealability only as to whether Petitioner's attempt unarmed robbery conviction qualifies as a violent felony under the ACCA because reasonable jurists have found this question debatable. However, the Court declines to issue a certificate of appealability as to Petitioner's remaining claims.

**BACKGROUND**

The relevant background facts are undisputed. Petitioner was charged in a five-count First Superseding Information with: one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); one count of possession with intent to distribute cocaine, in violation of 18 U.S.C. § 841(a)(1); one count of possession with intent to distribute cocaine base, in violation of 841(a)(1); one count of possession with intent to distribute heroin, in violation of 18 U.S.C. §

---

[1] The Court notes that Petitioner's supplemental brief does not address the *Matthews* decision.

2

841(a); and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1)(A).

Petitioner pleaded guilty, pursuant to a Rule 11 Plea Agreement, "to Counts One and Two of the First Superseding Information, which charge felon in possession of a firearm, Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g), 924(e), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1)." (Rule 11 Plea Agreement).

On November 6, 2013, the probation department prepared a presentence investigation report. ("PSIR"). Petitioner's base offense level was calculated at 24 pursuant to United States Sentencing Guideline ("USSG") § 2K2.1(a)(2). (PSIR at ¶ 22). Petitioner's offense level was increased four levels pursuant to USSG § 2K2.1(b)(6)(B) because he committed the instant offense subsequent to sustaining at least two convictions of either a crime of violence or a controlled substance. (*Id*. at ¶ 23).

Petitioner was considered an armed career criminal because he had at least three prior convictions for a violent felony or serious drug offense, pursuant to 18 U.S.C. § 924(e). (*Id*. at ¶ 28). As such, Chapter Four Enhancements were applied, resulting in a base offense level of 34 pursuant to USSG 4B1.4. (*Id*.). Petitioner received a three level downward departure for acceptance of responsibility pursuant to USSG § 3E1.1(a). (*Id*. at ¶¶ 29-30). Petitioner's total offense level was calculated at 31, and he had a criminal history category of VI. The PSIR determined that the applicable sentencing guideline range was 188-235 months of imprisonment.

The PSIR identified the following prior "violent felonies" or "serious drug offenses": (1) 1981 attempt unarmed robbery; (2) 1990 assault with intent to do great bodily harm and

felonious assault; and (3) 2003 conspiracy to possess with intent to distribute cocaine. (PSIR at ¶¶ 32, 34, 37). On March 14, 2014, the Court sentenced Petitioner to 188 months and 120 months, to run concurrently.

On December 2, 2015, Petitioner filed a *pro se* Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 35). On February 16, 2016, Petitioner filed a *pro se* Motion to Amend pursuant to Rule 15(c). (Doc. # 42). On June 8, 2016, counsel for Petitioner filed the instant Motion to Vacate Sentence (Doc. # 47, Pet. Mo.) and on July 27, 2016, Petitioner's counsel withdrew the previous *pro se* filings. (Doc. # 49). Petitioner's motion has been fully briefed by the parties.

## STANDARD

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

4

The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) ("evidentiary hearings are not required when . . . the record conclusively shows that the petitioner is entitled to no relief.").

Here, Petitioner does not request an evidentiary hearing as to the issues and there does not appear to be a need as the record conclusively establishes whether or not Petitioner is entitled to relief.

**ANALYSIS**

Petitioner's sentence was imposed pursuant to the Armed Career Criminal Act ("ACCA"), which requires a mandatory minimum sentence of 15 years in prison for a defendant convicted of violating 18 U.S.C. § 922(g) if the defendant has three or more prior convictions for "a serious drug offense" or a "violent felony." 18 U.S.C. § 942(e). A "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" that:

(i) has an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii) burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

§ 924(e)(2)(B). The first clause is commonly referred to as the "elements clause," and the latter portion of the second clause is commonly referred to as the "residual clause." In *Johnson*, the Supreme Court held that the ACCA's residual clause–which defined a "violent felony" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another"–was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2563.

5

In light of *Johnson*, Petitioner argues that his 1981 conviction of attempt unarmed robbery and his 1990 convictions of assault with intent to do great bodily harm and felonious assault no longer qualify as predicate violent felonies under the ACCA. The Government counters that Petitioner's convictions qualify as violent felonies under the ACCA's "elements clause," which remains valid post-*Johnson*.

To determine whether a prior conviction is a violent felony within the meaning of the ACCA, the Court has two approaches available to it: the "categorical approach" or the "modified categorical approach."

Under the categorical approach, which both parties appear to apply here, the Court must consider the offense "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay v. United States*, 553 U.S. 137, 141-42 (2008) (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). This "categorical approach" requires the Court to compare Michigan's unarmed robbery offense with the elements clause of the ACCA. And in making in this comparison, the Court "must consider the least objectionable conduct that would violate this statute." *United States v. Maness*, 23 F.3d 1006, 1008 (6th Cir. 1994).

Under the modified categorical approach, the Court looks to documents beyond the elements of a crime when a criminal statute is "divisible," *i.e.*, when the statute provides for alternative elements as opposed to alternatives means. *See Descamps v. United States*, 133 S.Ct. 2276 (2013).

A.  **Michigan's Attempt Unarmed Robbery Qualifies as a "Violent Felony" Under the ACCA's Elements Clause**

Petitioner's attempt unarmed robbery conviction is from 1981. The Court must analyze

the version of the statute in effect at the time of Petitioner's conviction, which states:

> Any person who shall, by force and violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another, or in his presence, any money or other property which may be the subject of larceny, such robber not being armed with a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 15 years.

Mich. Comp. Laws. § 750.530 (1981).[2] "The elements of unarmed robbery are: (1) a felonious taking of property from another, (2) by force [and] violence or assault or putting in fear, and (3) being unarmed." *People v. Johnson*, 206 Mich. App. 122, 125-26 (1994). The elements of attempt unarmed robbery are: "(1) an attempted felonious taking of property from the person of another, (2) by force and violence or by assault or by putting in fear, and (3) defendant being unarmed. *People v. Chandler*, 201 Mich. App. 611 (1993).

Because Michigan's unarmed robbery statute does not provide alternative means for committing the offense, the Court must utilize the categorical approach to determine whether the statute qualifies as a violent felony under the elements clause of the ACCA. To meet this qualification, attempt unarmed robbery must have as an element, "the use, attempted use, or threatened use of physical force against the person of another." Physical force, in the context of the statutory definition of violent felony, "means *violent* force—*i.e.*, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 134 (2010) (emphasis in original) ("*Johnson* 2010") (describing the meaning of "physical force" for the purpose of determining a "violent felony" under the ACCA).

Here, Petitioner argues that "[b]ecause the least offensive conduct violative of MCL 750.530 is theft from a person, *aggravated by fear from violence*, the statute does not qualify as a

---

[2] The statute was amended in 2004.

7

violent felony under the ACCA." (Pet.'s Br. at Pg. ID 202) (emphasis added). In support of his position, Petitioner relies on two district court cases that have held that unarmed robbery in Michigan does not qualify as a "crime of violence" under the elements clause of the career offender guideline. *See United States v. Lamb*, 2017 WL 730426 (E.D. Mich. Feb. 24, 2017) and *United States v. Ervin*, 2016 WL 4072052 (D. Mont. July 28, 2016).

Petitioner's arguments are not persuasive in light of the Sixth Circuit's recent decision in *United States v. Matthews*, 2017 WL 1857265 (6th Cir. May 8, 2017).[3] The issue in *Matthews* was "whether the unarmed robbery for which [the defendant] had been convicted under Michigan law was a violent-felony conviction" for purposes of the ACCA. *Matthews*, 2017 WL 1857265, at *1. After considering relevant Michigan law, the Sixth Circuit rejected the argument Petitioner makes now and held that unarmed robbery in Michigan constitutes a violent felony under the ACCA. *Id.* at *3.

First, the Sixth Circuit determined that, under Michigan law, committing an unarmed robbery by "putting in fear" requires the victim to fear *personal injury*. The Sixth Circuit then reasoned that the act which causes the victim fear of injury must necessarily involve the use or threatened use of physical force:

> Under the Michigan statute, one can accomplish an unarmed robbery by *putting a person in fear*, which the Michigan Supreme Court has held to mean *fear of personal injury*. The Michigan Supreme Court has explained that its state legislature codified common law robbery in the unarmed robbery statute. *See Michigan v. Randolph*, 648 N.W.2d 164, 167-68, 171 (Mich. 2002) ("[R]obbery is a larceny aggravated by the fact that the taking is from the person, or in his presence, accomplished with force or the threat of force."), *superseded by statute*, P.A. 2004, No. 128, as recognized in *Michigan v. March*, 886 N.W.2d 396 (Mich.

---

[3] As of date, *Matthews* is the only Sixth Circuit decision addressing whether unarmed robbery in Michigan constitutes a violent felony for purposes of the ACCA.

8

> 2016). *Randolph* analyzed whether violence that occurred during a defendant's flight following a larceny escalated the larceny to a robbery. The Michigan Supreme Court explained at length that violence or putting in fear are foundational elements of robbery at common law, citing Blackstone and other commentators. A repeated point in this discussion is that "putting in fear" requires putting a person in fear of *injury*. *See Randolph*, 648 N.W.2d at 167-168 & 167 n. 6 ("Feloniously taking the property of another in his presence and against his will, by *putting him in fear of immediate personal injury*, is robbery at common law." (emphasis added) (quoting RAPAJLE, LARCENY & KINDRED OFFENSES § 445 (1892))). The *Randolph* court did not contradict this language and quoted it with approval.
>
> . . . .
>
> When Michigan courts apply this test to determine whether a victim was put in fear, they ask whether the victim believed that injury was likely to result if he or she failed to comply . . . . Because Michigan law requires one to fear injury in order to be "put in fear," Michigan's statute criminalizing unarmed robbery is a violent felony for purposes of the ACCA.

*Id.* at *4; *see also Michigan v. Kruper*, 64 N.W.2d 629, 632 (Mich. 1954).

The Court in *Matthews* also noted that the Seventh and Eighth circuits have similarly concluded that a Michigan conviction for unarmed robbery qualifies as a violent felony. *Matthews*, 2017 WL 1857265 at *4 (citing *United States v. Tirrell*, 120 F.3d 670, 679-81 (7th Cir. 1997) and *United States v. Lamb*, 638 F. App'x 575, 576 (8th Cir. 2016), *vacated on other grounds by* 137 S.Ct. 494 (2016)).

Because the Sixth Circuit's decision in *Matthews* squarely resolves the instant issue, the Court concludes that Petitioner's attempt unarmed robbery conviction constitutes a violent felony for purposes of the ACCA. And to the extent that Petitioner argues that a conviction for *attempt* changes the outcome here, he is mistaken. Pursuant to Michigan law, the "attempt" factor is only added to the first element of the crime. *See Chandler*, 201 Mich. App. at 614.

**B.     Michigan's Assault With Intent To Do Great Bodily Harm Qualifies as a "Violent Felony" Under The ACCA's Elements Clause**

Petitioner was convicted of assault with intent to do great bodily harm in 1990. The applicable Michigan statute states:

> Any person who shall assault another with intent to do great bodily harm, less than the crime of murder, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years, or by fine of not more than 5,000 dollars.

Mich. Comp. Laws § 750.84 (1990).[4] The elements of this offense are as follows: "(1) an attempt or threat with *force or violence* to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v. Brown*, 703 N.W.2d 230, 236 (Mich. Ct. App. 2005) (emphasis added).

Because this statute does not provide alternative means for committing the offense, the Court must utilize the categorical approach to determine whether the statute qualifies as a violent felony under the elements clause of the ACCA – that is, whether it has an element the use, attempted use, or threatened use of physical force against another.

The Sixth Circuit has held that "[a]ssault with intent to commit great bodily harm [ ] meets the definition of a violent felony because it 'has an element the use ... of physical force against the person of another. . . ." *United States v. Simmons*, 329 Fed. App'x 629, 632 (6th Cir. 2009); *United States v. Raybon*, 2017 WL 3470389, at *4 (6th Cir. Aug. 14, 2017) (holding that Michigan's assault with intent to do great bodily harm less than murder qualifies as a crime of violence under the elements clause of the guidelines; *see also United States v. Colbert*, 2017 WL 491935 (E.D. Mich. Feb. 7, 2017); *United States v. Thompson*, 2015 WL 1780801, at *7 (E.D. Mich. Apr. 20, 2015) (denying petitioner's § 2255 motion, concluding that Michigan's felony

---

[4] The statute was amended in 2013.

10

assault statute "is certainly a crime that 'has an element the use, attempted use, or threatened use of physical force against the person of another'").

## C. The Court Need Not Consider Whether Felonious Assault Qualifies as a "Violent Felony" Under The ACCA's Elements Clause

Petitioner was also convicted of felonious assault in 1991. The incident which gave rise to this conviction also gave rise to Petitioner's conviction for assault with intent to do great bodily harm. Because these two convictions arise from the same incident, the Court may count as a qualifying predicate violent felony either of the convictions, but not both. 18 U.S.C. § 924(e)(1). Since the Court previously concluded that Petitioner's 1991 conviction for assault with intent to do great bodily harm is a qualifying predicate felony, the Court may decline to consider whether Defendant's felonious assault conviction qualifies as a violent felony under the ACCA.

## D. Certificate of Appealability

A certificate of appealability must issue before a petitioner may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). 28 U.S.C. 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of a denial of a constitutional right. 28 U.S.C. 2253(c)(2).

"Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists have found the Court's assessment of Petitioner's attempt unarmed robbery claim debatable. As such, the Court shall issue a

certificate of appealability as to this claim only. The Court declines to issue a certificate of appealability as to Petitioner's remaining claims.

## CONCLUSION & ORDER

For the foregoing reasons, **IT IS ORDERED** that Petitioner's 28 U.S.C. § 2255 motion (Doc. # 47) is **DENIED**. Additionally, this Court shall issue a certificate of appealability as to Petitioner's attempt unarmed robbery claim. The Court declines to issue a certificate of appealability as to Petitioner's remaining claims.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 16, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 16, 2017, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager