# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                            Criminal Case No. 13-20582

Duryane Lewis Chaney,            Sean F. Cox
                                                     United States District Court Judge

    Defendant.

_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In this criminal action, Defendant Duryane Lewis Chaney ("Defendant") was convicted of drug and firearm offenses and was sentenced to a total of 188 months of imprisonment. The matter is before the Court on Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

## BACKGROUND

In this criminal case, Defendant was convicted of one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g), 924(e), and to one count of Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). This Court sentenced Defendant, as an armed career criminal, to serve 188 months and 120 months, to run concurrently.

On April 28, 2021, Defendant filed his *pro se* Motion for Compassionate Release. (ECF No. 71).

Defendant is now 60 years old. He is currently housed at Atlanta U.S. Penitentiary and his earliest projected release date is in 2027. Defendant filed his Motion for Compassionate Release asserting that he is concerned he may contract COVID-19 and that his obesity and high blood pressure put him at risk for severe symptoms if he were to contract it.

The Government opposes Defendant's motion, noting that Defendant has been offered the COVID-19 vaccine and has refused it twice, despite having no medical contraindications. As such, it contends Defendant cannot establish extraordinary and compelling circumstances.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021).

The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias,* 984 F.3d at 518.

At step one, a court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added). But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias, supra*, at 519. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109. Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Id.*

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra*, at 519 (emphasis added). But it has

3

also clarified that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id*. (emphasis added).

Here, Defendant contends that his request for compassionate release should be granted because the ongoing pandemic constitutes extraordinary and compelling circumstances.

This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

And notably, Defendant was offered the COVID-19 vaccination but declined it, despite having no known medical contraindications for the vaccine. In denying a request for compassionate release in a case with these same circumstances, the Honorable Robert H. Cleland explained:

> Defendant cannot establish that his conditions are exceptional and demand immediate release when he intentionally prevents the BOP from mitigating dangers to his health and safety. 18 U.S.C. § 3582(c)(1)(A). A prisoner cannot on the one hand point to the risk of severe illness, while on the other hand refuse to participate in basic precautionary measures such as vaccination. Allowing federal prisoners to qualify for compassionate release by declining to receive a COVID-19 vaccine, without justification, would discourage prisoners from becoming vaccinated. The court is exceedingly hesitant to provide prisoners an incentive to increase their risk of contracting COVID-19 and developing severe symptoms. Such a result would be profoundly counter-productive and would

militate against the ameliorative purposes of compassionate release. Denial of Defendant's request for release is warranted on this basis alone.

*United States v. Austin,* 2021 WL 1137987 at *2 (E.D. Mich. March 25, 2021). This Court agrees and concludes that Defendant's request should be denied on this basis.

Moreover, this Court concludes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offenses *weigh strongly* against his release. Defendant was convicted of serious drug and firearm offenses. Defendant has an extensive criminal history that includes violence.

Defendant's long remaining sentence also weighs against his release. This is because the original sentence imposed by this Court reflects this Court's evaluation of the need to provide just punishment and the need to promote respect for the law.

This Court does not believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court finds that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

5

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 22, 2021