UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                       Criminal Case No. 13-20582

DURYANE LEWIS CHANEY,                      Sean F. Cox
                                                                         United States District Court Judge
    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S THIRD MOTION FOR COMPASSIONATE RELEASE

In this criminal action, Defendant Duryane Lewis Chaney ("Defendant") was convicted of drug and firearm offenses and was sentenced to a total of 188 months of imprisonment. During the past few years, Defendant has requested compassionate release, under 18 U.S.C. § 3582(c)(1)(A), based upon concerns about the coronavirus pandemic ("COVID-19") and other considerations. This Court has denied those motions. The matter is now back before the Court on Defendant's third Motion for Compassionate Release. The Court concludes that a hearing is not warranted and orders that the motion will be decided without awaiting a response from the Government. As explained below, the Court shall DENY the motion.

## BACKGROUND

In this criminal case, Defendant was convicted of one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g), 924(e), and to one count of Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). This Court sentenced Defendant, as an armed career criminal, to serve 188 months and 120 months, to run concurrently.

On April 28, 2021, Defendant filed a *pro se* Motion for Compassionate Release. (ECF

No. 71). Defendant filed his Motion for Compassionate Release asserting that he is concerned he may contract COVID-19 and that his obesity and high blood pressure put him at risk for severe symptoms if he were to contract it. The Government opposed Defendant's motion on the merits.

In an Opinion and Order issued on June 22, 2021, this Court denied Defendant's Motion for Compassionate Release. (ECF No. 75). The Court denied the motion because: 1) Defendant was offered the COVID-19 vaccination but declined it, despite having no known medical contraindications for the vaccine; and 2) consideration of the § 3553(a) factors weigh against granting compassionate release in this particular case in any event.

Defendant filed a Notice of Appeal, seeking to appeal this Court's denial of his Motion for Compassionate Release. In an Order issued on October 15, 2021, the United States Court of Appeals for the Sixth Circuit dismissed that appeal as untimely. (ECF No. 78).

Thereafter, on December 1, 2021, Defendant filed a second Motion for Compassionate Release. (ECF No. 79). In it, Defendant stated that he is concerned about new variants of the virus. Defendant also cited his "rehabilitation" while in prison, and included a print out of courses he has taken, along with a letter of support from a prison employee. Defendant also noted the hardship he had growing up, and asserted that he would not have received the same sentence if he were sentenced today. The Government opposed Defendant's second Motion for Compassionate Release on the merits. This Court denied the motion in an Opinion and Order issued on March 8, 2022.

On March 12, 2024, Defendant filed a third motion seeking compassionate release. (ECF No. 86).

2

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id*. at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie,* 25 F.4th 583, 586 (6th Cir. 2022).

Here, Defendant again argues that his request for compassionate release should be granted because his efforts towards rehabilitation, and other considerations, constitute extraordinary and compelling circumstances.

This Court continues to conclude that Defendant has not established "extraordinary and compelling" reasons for a sentence reduction.

Moreover, this Court continues to believe that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a

balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offenses weigh strongly against his release. Defendant was convicted of serious drug and firearm offenses. Defendant has an extensive criminal history that includes violence.

Defendant's long remaining sentence also weighs against his release. This is because the original sentence imposed by this Court reflects this Court's evaluation of the need to provide just punishment and the need to promote respect for the law.

This Court does not believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court continues to conclude that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's second Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 5, 2024